1 | Victor A. Sahn (CA Bar No. 97299)
     victor.sahn@gmlaw.com
2 | Alan D. Schindler (Colo. Bar No.
   | **GREENSPOON MARDER LLP**
3 | 1875 Century Park East, 19th Floor
   | Los Angeles, California 90067
4 | Telephone: 213.626.2311
   | Facsimile: 954.771.9264
5 |
6 | Attorneys for 9300 Wilshire LLC, a Delaware
   | Limited Liability Company
7 |

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No. 2:23-bk-10918-VZ |
| 9300 WILSHIRE, LLC, a Delaware Limited Liability Company, | Adversary No. 2:23-ap-01163-VZ |
| Debtor. | Chapter 11 |
| | **9300 WILSHIRE LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION** |
| 9300 WILSHIRE, LLC, for itself and on behalf of 1112 INVESTMENT COMPANY, LLC; E.D. FLORES, LLC; 9300 WILSHIRE FEE, LLC; DAVID DROMY; 1650 VETERAN, LLC; OUTDOOR BILLBOARD COMPANY, LLC; BH KARKA LLC; 6TH STREET INVESTMENT COMPANY, LLC; 505 INVESTMENT COMPANY, LLC; SLH FUND, LLC; and PEAK ALCOTT, LLC, | Complaint Filed: May 20, 2023<br>Am. Complaint Filed: August 21, 2023<br>Second Am. Complaint Filed: June 14, 2024<br>Third Am. Complaint Filed:  July 15, 2024 |
| Plaintiff, | **Hearing Information:** |
| vs. | Date:  October 10, 2024<br>Time: 11:00 a.m.<br>Place: Courtroom 1368<br>       255 East Temple Street<br>       Los Angeles, CA 90012 |
| AES-REDONDO BEACH, LLC, | The Hon. Vincent P. Zurzolo |
| Defendant. | |
| AES REDONDO BEACH, LLC, | |
| Counter-Claimant, | |
| vs. | |
| 9300 WILSHIRE, LLC, 9300 WILSHIRE, LLC, for itself and on behalf of 1112 INVESTMENT COMPANY, LLC; E.D. | |

1  FLORES, LLC; 9300 WILSHIRE FEE, LLC;
   DAVID DROMY; 1650 VETERAN LLC;
2  OUTDOOR BILLBOARD COMPANY, LLC;
   BH KARKA LLC; 6TH STREET
3  INVESTMENT COMPANY, LLC; 505
   INVESTMENT COMPANY, LLC; SLH
4  FUND, LLC; and PEAK ALCOTT, LLC,,

5              Counter-Defendants.

6

7

8        **NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION**

9  TO ALL PARTIES AND COUNSEL OF RECORD:

10        PLEASE TAKE NOTICE that, on  October 10, 2024, or as soon thereafter as the matter

11 may be heard before the above captioned Court, the Honorable United States Bankruptcy Judge

12 Vincent P. Zurzolo presiding, located at the Edward R. Roybal Federal Building and U.S.

13
   Courthouse, 255 East Temple Street, Los Angeles, CA 90012, Plaintiff 9300 Wilshire, LLC, for
14
   itself and on behalf of the above-captioned Plaintiffs ("9300 Wilshire") will, and hereby does,
15
   move for summary adjudication on the following cause of action:
16

17        ➢  Plaintiffs' First Cause of Action for Declaratory Relief

18        This motion for summary adjudication ("Motion") is based on a recent admission by

19 Defendant AES Redondo Beach, LLC ("AES") concerning the applicability of a provision

20 contained in a written contract between AES and Plaintiff:  A Purchase And Sale Agreement

21 ("Purchase Agreement"), as amended by a first, second, and third amendment ("First

22 Amendment", "Second Amendment", and "Third Amendment," respectively), whereby AES sold

23 real property  (the "Property") to Plaintiff.  This Motion is further premised on positions asserted

24 by AES in its prior Motion for Summary Adjudication (the "AES Motion for Summary

25 Adjudication") filed on December 26, 2023 [ECF # 70].  There, AES argued that the Purchase

26 Agreement should be enforced as written, and that the Court should enter, as a matter of law, a

27

28

U3379 58329266v1                              2

judicial declaration that AES did not obtain an "Approved Extension" prior to the "Extension Deadline" as those terms are defined in the Third Amendment.  [ECF # 70 at pp. 4-5].  Plaintiff opposed the AES Motion for Summary Adjudication on various grounds, all surrounding the interpretation of the term "Approved Extension" and questions on whether AES waived enforcement of that term and/or should be estopped from enforcing the same.  This Court denied the AES Motion for Summary Adjudication in an order dated February 20, 2024, [ECF # 102].  As discussed further below, AES recently provided Plaintiff with an Estoppel Certificate (the "Estoppel Certificate") acknowledging that it "obtained an Approved Extension through December 31, 2023."  *See* Sahn Declaration, Exhibit A-2.  Given this admission, Plaintiff seeks a judicial declaration that AES obtained an Approved Extension, as that term is defined in the Third Amendment.

This Motion is based on the following Memorandum of Points and Authorities, Separate Statement of Uncontroverted Facts and Conclusions of Law, and accompanying Declarations of Victor Sahn, attached hereto as **Exhibit A**, and Leonid Pustilnikov, attached hereto as **Exhibit B**, and both filed herewith, the complete files and records of this action, and such other further oral and written arguments as may be brought to the Court's attention at or before the hearing.

DATED:  August 19, 2024         Respectfully submitted,

**GREENSPOON MARDER LLP**


By: _____*/s/ Victor A. Sahn*_____
         Victor A. Sahn
         Alan D. Schindler
         Attorneys for 9300 Wilshire LLC, a Delaware
         Limited Liability Company

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................1

I.   INTRODUCTION...........................................................................................1

II.  SUMMARY ADJUDICATION STANDARD ...........................................3

III. ARGUMENT .......................................................................................................3

    I.   A. ...Under California Law, Facts Recited in the Estoppel Certificate are Conclusively Presumed to be True as Between the Parties Thereto ......................................................................................... 3

    II.  B.............. The Condition in the Third Amendment for AES to Obtain an Approved  Extension by the Extension Deadline was Met ...................5

    III. C........AES' Execution of the Estoppel Certificate is Itself an Admission that it  Obtained an Approved Extension Under the Third Amendment ........................................................................................ 6

IV.  CONCLUSION ...................................................................................................7

# TABLE OF AUTHORITIES

**Page**

## CASES

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242, 249 (1986) ......................................................................................... 3

*Celotex Corp. v. Catrett*,
   477 U.S. 317, 324 (1986) ......................................................................................... 3

*In re Shumate Spokane, LLC*,
   Bk. No 09-05081-FLK11, Adv. No. 11-80035-FLK, 2015 WL 5013358, at *4
   (B.A.P. 9th Cir. Aug. 25, 2015) ............................................................................... 3

*In re Weed Cellars, Inc.*,
   No. 2:21-BK-18868-ER, Adv. No. 2:22-ap-01082-ER, 2023 WL 3689631, at *4
   (Bankr. C.D. Cal. May 26, 2023) .............................................................................. 3

*Plaza Freeway Ltd. P'ship v. First Mountain Bank*,
   81 Cal. App. 4th 616, 619 (Cal. App. 2000) ............................................................ 3

*Robert T. Miner, M.D., Inc. v. Tustin Ave. Invs.*,
   116 Cal. App. 4th 264, 271 (Cal. Ct. App. 2004) .................................................... 4

*U.S. TelePacific Corp. v. Morrissey*,
   No. A128931, 2011 WL 683411, at *5 (Cal. Ct. App. Feb. 28, 2011) ...................... 4

## STATUTES

Cal. Evid. Code § 622 ..................................................................................................... 3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

On October 5, 2018, New Commune DT LA, LLC entered into the Purchase Agreement with AES for the purchase of the Property.  Following a series of assignments of the Purchase Agreement, the Plaintiff and its affiliates stepped in as the owners of the Property.

In the AES Motion for Summary Adjudication, AES noted that the Third Amendment "defines an 'Approved Extension' as a 'final and non-appealable' extension of time for AES to operate the Facility and defines the 'Extension Deadline' as the earlier of (x) November 30, 2020 and (y) an alternative that is undisputedly inapplicable." [ECF # 70 at p. 1].  AES then argued that because the City of Redondo Beach ("City") filed a Petition for Writ of Mandate in state court appealing the decision of the California State Water Resources Control Board ("Water Board") granting AES a one-year extension to continue operating after December 31, 2020, "AES had not obtained an Approved Extension as defined under the [Purchase Agreement]."  *Id.* at 1-2.

In response to the AES Motion for Summary Adjudication, Plaintiff argued, among other things, that despite claiming to not have obtained an Approved Extension, AES continued to operate under the Third Amendment as if it did so, just only in ways that benefitted AES.  Specifically, under the Third Amendment, an Approved Extension triggered numerous obligations by both parties, including: 1) an offer by both parties to the City an option to purchase a portion of the Property (the "Option"), and 2) an offer by both parties to the City to dedicate a portion of the Property for public use (the "Open Space Covenant").  AES extended both the Option and the Open Space Covenant to the City, and continued to negotiate both, even after affirmatively telling Plaintiff it had not obtained an Approved Extension.  A copy of the Open Space Covenant and Option Offer Agreement (the "Covenant and Agreement") signed by AES and Plaintiff and conveyed to the City was submitted as Exhibit F to the Complaint [ECF # 1-6].

Paragraph 10 of the Covenant and Agreement provides that upon request by Grantor/[Plaintiff], Grantee/[AES] shall execute and deliver to Grantor any document, including an estoppel certificate, which certifies Grantor's compliance with any obligation of Grantor

1  contained therein, and otherwise evidences the status of the Covenant and Agreement (an

2  "Estoppel Certificate").  Sahn Declaration, Exhibit A-1 at pp. 5-6; [ECF # 73-4 at p. D-30].

3        On May 30, 2024, Plaintiff exercised its right under the Covenant and Agreement by

4  requesting an Estoppel Certificate and providing AES with a thirty-day notice to issue the same.

5  *See* Sahn Declaration, Exhibit A-1 at pp. 5-6.  On July 15, 2024, AES provided Plaintiff with an

6  Estoppel Certificate as requested.  *Id.* at p. 1.  In the Estoppel Certificate, AES stated:  "Grantee

7  obtained an Approved Extension through December 31, 2023."  *See* Sahn Declaration, Exhibit A-

8  2 at ¶ 2.  The Estoppel Certificate did not itself define the capitalized term, "Approved Extension."

9  However, the Estoppel Certificate states: "[t]erms not defined herein shall have the meanings

10 attributed to them in the [Covenant and] Agreement."  *Id.* at p. 1.  As in the Third Amendment, the

11 Covenant and Agreement defines the term "Approved Extension" as follows:

12        The Parties contemplated entering into this Covenant and Agreement in
          connection with the Sale Transaction.  This Covenant and Agreement is part of a

13        public benefits package the Grantor is willing to provide for the benefit of the
          City of Redondo Beach, California (the "City of Redondo Beach") **should the**

14        **Facility obtain required governmental approvals for the Extension and such**
          **approvals are final and non-appealable** ("Approved Extension").

15

16 [ECF # 1-6 at ¶ E] (emphasis added).  AES further stated in the Estoppel Certificate that it

17 "obtained a one-year Approved Extension to operate the facility from January 1, 2021 to

18 December 31, 2021 that was not final and non-appealable until after November 30, 2020."  Sahn

19 Declaration, Exhibit A-2 at ¶ 2.  However, under the plain language of the Covenant and

20 Agreement, use of the term "Approved Extension" necessarily means the Extension is final and

21 non-appealable.  AES's second statement—that the Approved Extension was not final and non-

22 appealable, is therefore an oxymoron as it directly contradicts itself.  This furthers Plaintiff's point

23 from the beginning of this action—that AES has always sought to have it both ways: to have an

24 "Approved Extension" for the purpose of continuing to operate the Facility, but not an "Approved

25 Extension" for any other purpose, particularly a purpose beneficial to Plaintiff.

26        In light of AES's admission in the Estoppel Certificate that it obtained an Approved

27 Extension, Plaintiff now moves for summary judgment in its favor on Plaintiff's First Cause of

28 Action for Declaratory Relief.  This cause of action can be resolved as a matter of law based on the

1    undisputed facts.

2    **II.      SUMMARY ADJUDICATION STANDARD**

3           A party may move for summary judgment or summary adjudication when there is no

4    genuine dispute of material fact.  *In re Shumate Spokane, LLC*, Bk. No 09-05081-FLK11, Adv.

5    No. 11-80035-FLK, 2015 WL 5013358, at *4 (B.A.P. 9th Cir. Aug. 25, 2015).  "A 'genuine

6    dispute' arises where, based on the evidence presented, a fair-minded trier of fact could return a

7    verdict in favor of the nonmoving party on the issue in question."  *Id.* (citing *Anderson v. Liberty

8    Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  A "material fact" is one for which the resolution could

9    affect the outcome of the case.  *Id.*  The movant bears the initial burden of "establishing the

10   absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law."

11   *In re Weed Cellars, Inc.*, No. 2:21-BK-18868-ER, Adv. No. 2:22-ap-01082-ER, 2023 WL

12   3689631, at *4 (Bankr. C.D. Cal. May 26, 2023).  Once the moving party has established the

13   absence of a genuine issue of material fact, the burden shifts to the non-moving party who must

14   designate "specific facts showing that there is a genuine issue for trial."  *Id.* (quoting *Celotex

15   Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

16          The Purchase Agreement and the Amendments are governed by California Law [ECF #

17   73-1 at p. A-76 ¶ 15.8; ECF # 73-2 at p. B-4 ¶ 10(b); ECF # 73-3 at p. C-11 ¶ 16(b); ECF # 73-4 at

18   p. D-8 ¶ 11(b)].

19   **III.     ARGUMENT**

20          **A.      Under California Law, Facts Recited in the Estoppel Certificate are
                      Conclusively Presumed to be True as Between the Parties Thereto**

21

22          Under Section 622 of the California Evidence Code, "[t]he facts recited in a written

instrument are conclusively presumed to be true as between the parties thereto[.]"  Cal. Evid. Code

23   § 622.  An estoppel certificate, like the one signed by AES here, constitutes a "written instrument"

24   under that Section, and thus AES is "bound by the representations contained therein."  *Plaza

25   Freeway Ltd. P'ship v. First Mountain Bank*, 81 Cal. App. 4th 616, 619 (Cal. App. 2000).

26   Further, an estoppel certificate "binds the signatory to the statements made and estops that party

27   from claiming to the contrary at a later time."  *Id.* at 626.  In *Plaza Freeway*, a tenant signed and

delivered an estoppel certificate to the landlord's lender that included a termination date of

28

tenant's commercial lease.  *Id.* at 629.  Subsequently, a dispute arose as to the proper termination date, with the tenant believing its statement in the estoppel certificate was erroneous.  *Id.* Nonetheless, the court held the tenant was bound to the termination date set forth in the estoppel certificate, erroneous or not, because "the facts contained in the certificate are conclusively presumed to be true under section 622."  *Id.* at 628.

Here, AES included a statement in the Estoppel Certificate affirming that it obtained an Approved Extension through December 31, 2023, as that term is defined in the Covenant and Agreement.  Sahn Declaration, Exhibit A-2 at ¶ 2.  Thus, as in *Plaza Freeway*, regardless of whether that statement is factually accurate, AES is nonetheless bound to it because such facts are "conclusively presumed" to be true under California law.

When considering the binding effect of estoppel certificates, California courts consider the language of the estoppel certificate together with the underlying lease or agreement.  *U.S. TelePacific Corp. v. Morrissey*, No. A128931, 2011 WL 683411, at *5 (Cal. Ct. App. Feb. 28, 2011) (citing *Robert T. Miner, M.D., Inc. v. Tustin Ave. Invs.*, 116 Cal. App. 4th 264, 271 (Cal. Ct. App. 2004)).  In doing so, courts look to the plain language of both documents to determine the intent of the parties.  In *TelePacific*, and similar to the tenant in *Plaza Freeway*, the tenant erred in the estoppel certificate when it failed to specify when certain reimbursement payments would cease, thereby verifying that such payments would be made until the end of the lease term.  *Id.* The *TelePacific* court further noted that tenant had an opportunity to review and revise the estoppel certificate before signing it, but it did not do so, therefor confirming the error contained therein.  *Id.*

The same result must be found here.  First, AES' counsel drafted the Estoppel Certificate and sent a draft of the same to Plaintiff's counsel for review.  Sahn Declaration, Exhibit A-1 at p. 2.  Second, AES did not sign the Estoppel Certificate until eleven days after first sending the draft, *id.* at p. 1, and thus it had ample opportunity to review it and correct any perceived errors contained therein.  Third, when reviewed in connection with the Covenant and Agreement and the Purchase Agreement, there are only two logical interpretations of the statement that AES "obtained an Approved Extension through December 31, 2023": (1) that by definition, the Approved Extension was final and non-appealable before the Extension Deadline; or (2) that AES

4

1    waived the right to enforce the final and non-appealable requirement.  Either way, AES is bound

2    by its statement.

3            AES will likely argue that unlike the Third Amendment, the Covenant and Agreement

4    does not contain express language requiring that an Approved Extension occur prior to the

5    Extension Deadline.  It follows then, that the statement in the Estoppel Certificate is accurate

6    because AES claims it eventually obtained final and non-appealable extensions to operate the

7    Facility, just after the Extension Deadline.  This argument fails because it is undisputed that AES,

8    on at least two occasions, confirmed the existence and enforceability of the Covenant and Option

9    Agreement, *prior* to November 24, 2021 the date AES claims the Extension was "final and non-

10   appealable." [ECF # 70 at p. 22].  Namely, on April 7, 2021, Eric Pendergraft, on behalf of AES,

11   wrote to Leonid Pustilnikov on behalf of Plaintiff stating that AES "doesn't want to change any of

12   the open space obligations." Pustilnikov Decl., Exhibit B-1.  Likewise, on November 11, 2021,

13   after Mr. Pustilnikov advocated for revocation of the Covenant and Option Agreement due to

14   AES' position it had not obtained an Approved Extension, Mr. Miller, on behalf of AES stated

15   that AES was firm in its position not to rescind the Covenant and Option Agreement.  Pustilnikov

16   Decl., Exhibit B-2. Under the Third Amendment, as well as the Covenant and Option Agreement,

17   AES could only be "firm" on continuing to offer those terms to the City if it had obtained an

18   Approved Extension.  [ECF # 73-4 at p. D-30]. Again, whether true or not, AES acted as if it

19   obtained a timely Approved Extension, and confirmed the same in writing in the Estoppel

20   Certificate.

21   **B.      The Condition in the Third Amendment for AES to Obtain an Approved
                Extension by the Extension Deadline was Met**

22           Plaintiff's First Cause of Action in the Third Amended Complaint asks this Court for a

23   judicial declaration that under the Third Amendment, AES timely obtained an Approved

24   Extension of three years, thus triggering numerous other provisions set forth in that Amendment.

[ECF # 142 at ¶¶ 32-35]. It is undisputed that the Third Amendment defines the term "Approved

Extension" as occurring when "Seller first obtains all required governmental approvals for the

Extension and such approvals are final and non-appealable." *See* AES Motion for Summary

Adjudication at p. 4. It is further undisputed that AES signed an Estoppel Certificate affirming

that it obtained an Approved Extension through December 31, 2023. Because, as set forth above,

AES is bound by that statement, AES cannot now take any contrary position. Accordingly, by

admission, AES did obtain an Approved Extension in accordance with the terms of the Third

Amendment.

**C.    AES' Execution of the Estoppel Certificate is Itself an Admission that it
Obtained an Approved Extension Under the Third Amendment**

Under the Third Amendment, the Parties' obligation to deliver the Covenant and Option

Agreement to the City only exists if AES obtains an Approved Extension prior to the Extension

Deadline. Specifically, Paragraph 3 of the Third Amendment states as follows:

> Public Benefits Package; Open Space Requirements; Option. If Seller receives an
> Approved Extension prior to the Extension Deadline, then, as further set forth
> below, the Parties covenant (x) to offer to the City of Redondo Beach an option to
> purchase a portion of the Property and (y) to dedicate a portion of the Property for
> public use, each in accordance with the Open Space Covenant and Option
> Agreement attached hereto as Exhibit A (which shall be recorded against title
> concurrently with the Final Closing).

[ECF # 73-4 at p. D-5 ¶ 3].

AES has maintained throughout this action, including in the AES Motion for Summary

Adjudication, that it did not obtain an Approved Extension prior to the Extension Deadline. *See*

[ECF # 70 at p. 2] ("Because the Writ Proceeding was pending as of the Extension Deadline

(November 30, 2020), AES had not obtained an Approved Extension as defined under the

Contract (i.e. 'final and non-appealable') and therefore the payment provisions and obligations

under the Third Amendment were not triggered."). AES nonetheless executed the Covenant and

Option Agreement, and provided Plaintiff with the Estoppel Certificate, even though by AES'

logic, that Agreement should not exist, or in the alternative should have been revoked after the

Extension Deadline. Accordingly, when Plaintiff requested the Estoppel Certificate, AES could

have responded that it had no obligation to provide the Estoppel Certificate because the Covenant

1   and Option Agreement is not enforceable.  AES did not do that.  Instead, AES confirmed the

2   Covenant and Option Agreement is enforceable, which in turn, confirms that the condition

3   precedent to the enforceability of the Covenant and Option Agreement occurred—i.e. AES

4   obtained an Approved Extension prior to the Extension Deadline.  Put simply, by providing the

5   Estoppel Certificate, AES also admitted it obtained an Approved Extension under the Third

6   Amendment.

7         Based on the governing law, the undisputed facts, and the plain text of the Estoppel

8   Certificate, this Court should grant Plaintiff summary adjudication on Plaintiff's First Cause of

9   Action.

10   **IV.    CONCLUSION**

11         For the foregoing reasons, 9300 Wilshire, LLC, for itself and on behalf of the Debtor and

12   its affiliates, respectfully requests that this Court grant this Motion and summarily adjudicate

13   Plaintiff's First Cause of Action in Plaintiff's favor.

14

15   DATED:  August 19, 2024                Respectfully submitted,

16                                          **GREENSPOON MARDER LLP**

17

18                                          By:  _____*/s/ Victor A. Sahn*_____
                                                 Victor A. Sahn
19                                               Alan D. Schindler
                                                 Attorneys for 9300 Wilshire LLC, a Delaware
20                                               Limited Liability Company

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1875 Century Park East, Suite 1900, Los Angeles, CA 90067.

A true and correct copy of the foregoing document entitled (*specify*): **9300 WILSHIRE LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>August 19, 2024</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following

- **Melissa Boey** melissa.boey@morganlewis.com
- **Daniel A Lev** daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Abigail V O'Brient** aobrient@cov.com, docketing@cov.com
- **Victor A Sahn** victor.sahn@gmlaw.com, vsahn@ecf.courtdrive.com; pdillamar@ecf.courtdrive.com;patricia.dillamar@gmlaw.com,Karen.Files@gmlaw.com
- **Alan Schindler** alan.schindler@gmlaw.com, lindsay.broderick@gmlaw.com
- **Alan G Tippie** Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com; Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- **United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov
- **Craig A Wolfe** craig.wolfe@morganlewis.com

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) <u>August 19, 2024</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Vincent Zurzolo
United States Bankruptcy Court
Central District of California
Edward R. Royal Federal Building and Courthouse
255 E. Temple Street, Suite 1360 / Courtroom 1368
Los Angeles, CA 90012

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 19, 2024 | Patricia Dillamar | */s/ Patricia Dillamar* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

PMD 58360922v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                     **F 9013-3.1. PROOF.SERVICE**